UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **KELVIN WELLS,** | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 25-cv-01598 (APM) |
| **DONALD J. TRUMP,** | )<br>)<br>) |
| Defendant. | )<br>) |

**MEMORANDUM OPINION**

This matter is before the court on its initial review of Plaintiff's pro se complaint. For the reasons set forth below, the court dismisses the complaint without prejudice.

Complaints filed by pro se plaintiffs are held to "less stringent standards" than those applied to pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), but pro se plaintiffs must still comply with the Federal Rules of Civil Procedure, *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) requires that a complaint contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. Fed. R. Civ. P. 8(a). Although this standard "does not require detailed factual allegations," it does "demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). In addition, Rule 8(d) mandates that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Taken together, these provisions ensure that defendants receive fair notice of the claim(s) being asserted so that they can prepare a responsive answer, mount an adequate defense, and determine

whether the doctrine of res judicata applies. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Plaintiff's complaint falls far short of the Rule 8 pleading standard. It is entirely devoid of factual allegations and merely asserts that Black veterans "have served" in President Donald J. Trump's "place and many were killed in his place and millions still suffer physical and mental injuries from their time in service . . . while still suffering discrimination and [disparate] treatment." Compl., ECF No. 1, at 1. It seeks "restitution . . . to be made whole by Donald Trump in his individual and official capacity" and the government "under the doctrine of respondeat superior." *Id.* It is entirely unclear on what grounds this court may assert jurisdiction, nor is it clear what claim Plaintiff brings against President Trump. In such circumstances, courts have not hesitated to dismiss the complaint. See, e.g., *Hagans v. Lavine*, 415 U.S. 528, 536 (1974) ("[F]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit[.]" (internal quotation marks and citation omitted)); *Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009) ("A complaint may be dismissed on jurisdictional grounds when it is patently insubstantial, presenting no federal question suitable for decision." (internal quotation marks and citation omitted)); *Crisafi v. Holland*, 655 F.2d 1305, 1307–08 (D.C. Cir. 1981) ("A court may dismiss as frivolous complaints reciting bare legal conclusions with no suggestion of supporting facts, or postulating events and circumstances of a wholly fanciful kind."); *see also Baker v. Dir., U.S. Parole Comm'n*, 916 F.2d 725, 725 (D.C. Cir. 1990) (affirming the district court's *sua sponte* dismissal of the plaintiff's complaint for failure to state a claim).

The miscellaneous exhibits attached to Plaintiff's complaint cannot cure these deficiencies. *See* ECF No. 1-1. As a preliminary matter, it is not clear from the face of these materials how they

relate to the instant suit. For example, one of the attachments is a memorandum appointing Plaintiff as District Deputy Grand Master of St. Andrew Grand Lodge A.F. & A.M., Inc. in 2009. *See id.* at 2. In any event, pro se litigants "cannot generally be permitted to shift the burden of litigating [their] case to the courts." *Dozier v. Ford Motor Co.*, 702 F.2d 1189, 1194 (D.C. Cir. 1983); *see Sun v. Dist. of Columbia Gov't*, 133 F. Supp. 3d 155, 168 n.6 (D.D.C. 2015), *aff'd*, 686 F. App'x 5 (D.C. Cir. 2017) ("[I]t is not the Court's job to canvass the record for documents supporting a pro se party's position.").

As presented, neither the court nor the defendant can reasonably be expected to identify Plaintiff's claims. Accordingly, the court dismisses this case without prejudice.

A final, appealable Order accompanies this Memorandum Opinion.

Dated: May 23, 2025

Amit P. Mehta
United States District Judge